

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 13, 1947

Hon. Claud Gilmer, _Chairman_
Committee on Appropriations
House of Representatives
Austin, Texas     Opinion No. V-84

Re: Constitutionality of House
Bill No. 396, 50th Legisla-
ture, Incidental Expenses
Dear Sir:         for Members.

     Your request for an opinion by this department
upon the above titled subject matter is as follows:

     "Enclosed you will find House Bill
No. 396 which has been introduced and
is now before the Appropriation Commit-
tee of the House.

     "This bill is an appropriation
bill for 'incidental expenses' only for
members of the regular session. The Com-
mittee desires to know what in your opin-
ion can be included as incidental expenses.
At the present time certain expenses inci-
dent to the work of each member is paid
from the contingent expense account, such
as postage, stationery, and official tele-
phone calls.

     "Would the attached bill be constitu-
tional if it sets a maximum expense allow-
ance to each member without regard to the
nature and amount of the expense."

     House Bill No. 396 as submitted to us is as
follows:

"H.B. No. 396                   BY:_____

## A BILL

### TO BE ENTITLED

"AN ACT making an appropriation of the sum of Three Hundred Thousand Dollars ($300,000), or so much thereof as may be necessary, out of any funds in the State Treasury not otherwise appropriated, to pay incidental expenses of the members of the Regular Session of the Fiftieth Legislature, such expenses not to exceed Ten Dollars ($10.00) per day per member; providing for certificates to the Comptroller; making records available to the public; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. There is hereby appropriated out of any funds in the State Treasury not otherwise appropriated, the sum of Three Hundred Thousand Dollars ($300,000), or so much thereof as may be necessary, to pay incidental expenses of the members of the Regular Session of the Fiftieth Legislature, such expenses not to exceed Ten Dollars ($10.00) per day per member.

"Section 2. The certificate of the Secretary of the Senate, approved by the President of the Senate, or the certificate of the Chief Clerk of the House of Representatives, approved by the Speaker thereof, shall be sufficient evidence to the Comptroller upon which to audit the claims for expenses of the members of the Regular Session of the Fiftieth Legislature.

"Section 3. Providing, however, that a record of all moneys appropriated in this Bill shall be made available for public inspection the same as any other public records in this State.

"Section 4. The fact that the Regular Session of the Fiftieth Legislature of the

State of Texas is now in session, and pub-
lic policy requires that the appropriations
made by this Act shall be made immediately
available, creates an emergency and an im-
perative public necessity that the Consti-
tutional Rule requiring bills to be read
on three several days in each House be sus-
pended, and said Rule is hereby suspended,
and that this Act shall take effect and be
in force from and after its passage, and
it is so enacted."

This bill is an appropriation bill for inci-
dental expense only for members of the Regular Session.

Section 44 of Article III of the Constitution
is as follows:

"The Legislature shall provide by law
for the compensation of all officers, ser-
vants, agents and public contractors, not
provided for in this Constitution, but shall
not grant extra compensation to any officer,
agent, servant, or public contractors, after
such public service shall have been performed
or contract entered into, for the performance
of the same; nor grant, by appropriation or
otherwise, any amount of money out of the
Treasury of the State, to any individual, on
a claim, real or pretended, when the same shall
not have been provided for by pre-existing law;
nor employ anyone in the name of the State, un-
less authorized by pre-existing law."

The necessity for a pre-existing law to authorize
the appropriation of any monies whatsoever from the State
Treasury is fundamental. This essential pre-existing law to
authorize the appropriation in the present instance consists
in the Constitution itself, creating the Legislature, and
requiring it to function as a law-making branch of the Govern-
ment. This by necessary implication authorizes the payment
from the Treasury of all expenses, whether called "contin-
gent" or "incidental" or by whatsoever name, that are neces-
sary to enable the Legislature to perform its constitutional
duties. What particular expenses come within the ambit of
that implied power cannot be stated in words of finality.
It undoubtedly would include such things as postage, station-
ery, pages, printing, and the like necessities of the Legis-
lature. This has been the uniformly accepted construction of

the Constitution by all departments concerned since the State's existence.

We understand what is commonly known as the appropriation for "contingent expenses" is designed to cover and is amply sufficient to cover all such items as above indicated. Whether or not a particular item of expense is properly payable out of such contingent appropriation is an individual inquiry as to each such claim. Those that are properly classed as such incidental or contingent expenses are paid and those that are not to be so classed are not paid.

The matter of per diem to the members of the Legislature is, of course, conclusively determined by the Constitution itself (Art. III, Sec. 24). Likewise, the item of travel expense is conclusively fixed by the same Section. Of course House Bill 396 does not contemplate supplementing members per diem, or travel allowance above that of Section 24, or any contingent expenses, or interim expense incident to Committee work or the like. By the above process of elimination, it would appear that House Bill 396 does not contemplate the payment of any claim of any member, for any sum, for any expense, that is authorized by any pre-existing law express or implied. We are, therefore, of the opinion that the Bill, if enacted into law, would be unconstitutional under Section 44 of Article III of the Constitution.

In reply to your hypothetical question as to whether or not a bill which sets a maximum expense allowance to each member without regard to the nature and amount of expense, we beg to advise such a bill would be unconstitutional as a gratuity to the individual members according as the items claimed constituted personal business of the respective members. Moreover, there would be no pre-existing law, nor could there be, for such a gratuity as to the personal expense items.

## SUMMARY

(1) House Bill 396 of the 50th Legislature is invalid and if passed would not authorize the payment of monies from the State Treasury, for the want of a pre-existing law therefor. (Constitution, Art. III, Sec. 44).

(2) All expenses necessary to the functioning of the Legislature may be lawfully paid from the State Treasury under the necessary implication of the Constitution itself, whether such expenses be denominated "incidental" or "contingent".

(3) A bill appropriating a maximum expense allowance to each member of the Legislatue, without regard to the nature and the amount of the expenses, would be invalid because of the absence of "pre-existing law", (Constitution, Art. III, Sec. 44), and likewise because of a violation of the Constitution as a gratuity to the individual members according as the claims were for personal business of the respective members. (Constitution, Art. III, Sec. 44).

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        *Ocie Speer*

                 Ocie Speer
                 Assistant

OS/acm/lh

APPROVED: March 13, 1947

*Price Daniel*

ATTORNEY GENERAL

Approved:Opinion Committee
OS, Chairman